```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ANDREW L. GRESSETT AND                    CIVIL ACTION
BAM VILORIA GRESSETT

VERSUS                                    NO. 06-6383

ALLSTATE INSURANCE COMPANY,               SECTION "R"(2)
ET AL.
```

## ORDER AND REASONS

Before the Court is plaintiffs' motion to remand the above-captioned case to Civil District Court for the Parish of Orleans. For the following reasons, the Court GRANTS plaintiffs' motion.

### I.  BACKGROUND

Plaintiffs are Louisiana property owners who suffered damage to their property during Hurricane Katrina.  Plaintiffs sued Allstate Insurance Company, their homeowner's insurer, and Ishrad Daniel Rahman, their insurance agent, in Louisiana State court on claims relating to their insurance coverage.  Allstate's citizenship is diverse from plaintiffs, but Rahman, like plaintiffs, is a citizen of Louisiana.  The parties, thus, are not completely diverse, a requirement for a federal court to have

jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). Allstate removed this case to federal court on the ground that federal diversity jurisdiction exists because the nondiverse insurance agent was joined improperly.  Allstate also invokes jurisdiction under 28 U.S.C. §§ 1369 and 1441, the Multiparty, Multiforum Trial and Jurisdiction Act of 2002.  For the following reasons, neither improper joinder, nor the MMTJA, provides jurisdiction in this matter.

**II.   LEGAL STANDARDS**

    **A.   Applying Louisiana Law**

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In Louisiana, the sources of law are legislation and custom.  *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1*).*  In Louisiana, "courts must

begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

    **B.   Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it

appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

   **C.   Improper Joinder**

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332.  However, a defendant may remove by showing that the nondiverse party was improperly joined.  *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).  Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one.  *Id*.  Improper joinder may be established by showing the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1]  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).  In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant.  *Id*. at 462-63.  The Court must determine whether there is arguably a reasonable basis for predicting that state

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder."  *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).  However, the term "fraudulent joinder" is still used in many Fifth Circuit cases.

law might impose liability on the nondiverse defendant.  *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  This means that there must be a reasonable possibility of recovery, not merely a theoretical one.  *Id.*  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.*  The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim.  *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."  *Travis*, 326 F.3d at 649.  In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

**III. DISCUSSION**

   Allstate argues that Rahman is improperly joined in this action for two reasons: (1) plaintiffs cannot state a claim

against Rahman under Louisiana law and (2) Rahman and Allstate are improperly joined under the so-called *Tapscott* doctrine. Allstate first asserts that the Gressetts' claims against Rahman are peremped by the terms of La. Rev. Stat. § 9:5606, a statute establishing peremptive periods for contract and tort actions brought against insurance agents. The statute provides as follows:

> No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606. The statute contains an exception to peremption for fraudulent conduct. *Id*. § 9:5606(c).

Based on the allegations set forth in plaintiffs' state court petition, the Court finds that their claims against Rahman are not peremped. Plaintiffs assert deliberate deception and fraud on the part of Rahman in 2005 in connection with his failure to procure the Gressetts' requested coverage. (R. Doc. 1-2). As noted, the peremptive periods set forth in Section 9:5606 do not apply to allegations of fraud. *See* La. Rev. Stat.

6

§ 9:5606(C).  Therefore, plaintiffs' claims against Rahman are not barred by the peremption periods in La. Rev. Stat. § 9:5606.

The Court also rejects Allstate's contention that the claims against Rahman are improperly joined with the claims against Allstate under the *Tapscott* principle.  *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  In *Tapscott*, the Eleventh Circuit found that when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability, and when the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant, this can serve as a third type of fraudulent joinder in addition to the two identified in *Ross*, 344 F.3d at 461.  In similar factual contexts, this Court has rejected insurers' contentions that claims against an insurance company and its agent arising from an alleged lack of coverage for damages sustained during Hurricane Katrina are improperly joined.  *See Delta Coatings, Inc. v. Insurance Underwriters, Ltd.*, 2007 WL 274789, at *6 (E.D. La. Jan. 29, 2007); *Botnick v. Vigilant Ins. Co.*, 2006 WL 2947912, at *7 (E.D. La. Oct. 13, 2006).  That decision was squarely in line with the holdings of other courts in this district faced with this issue.  *See, e.g., Richmond v. Chubb Group of Ins. Cos.*,

2006 WL 2710566 (E.D. La. Sept. 20, 2006) (Africk, J.); *Radlauer v. Great N. Ins. Co.*, 2006 WL 1560791 (E.D. La. May 16, 2006) (Zainey, J.); *Schwartz v. Chubb & Sons, Inc.*, 2006 WL 980673 (E.D. La. Apr. 11, 2006) (Fitzwater, J.[2]).  The Court finds no reason to reach a different result here.  Therefore, Allstate has failed to carry its burden of demonstrating that joinder of Rahman was improper.  The Court thus does not have jurisdiction on the basis of the diversity of the parties.  *See* 28 U.S.C. § 1332.

<u>Multiparty, Multiforum Trial and Jurisdiction Act</u>

Finally, in its notice of removal, Allstate also asserts that removal of this case is proper under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 because there exists minimal diversity and because Hurricane Katrina constitutes an accident as contemplated by 28 U.S.C. § 1369(a), therefore conferring original subject matter jurisdiction over this action.  Alternatively, Allstate contends that removal is proper under 28 U.S.C. § 1441(e)(1)(b) because Allstate is a party to several cases that were brought or could have been brought directly into federal court under § 1369(a).  The Court has thoroughly addressed these same arguments in previous cases

---

[2] Judge Fitzwater sat by designation due to the recusal of plaintiff's colleagues in this District.  2006 WL 980673, at *1.

and finds no reason to reach a different result here. *See, e.g., Nguyen v. ANPAC Louisiana Ins. Co.*, 2006 WL 3714500 (E.D. La. Dec. 11, 2006) (order granting motion to remand); *Wood v. State Farm Fire & Casualty Co.*, Civ. Docket No. 06-2570 (E.D. La. Oct. 24, 2006) (same). The Court therefore adopts its reasoning in *Nguyen* and *Wood* and holds that the MMTJA does not give it jurisdiction over this matter.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand. The case is REMANDED to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this  <u>6th</u>  day of February, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE